REUBEN GORDON *versus* DANIEL WILKINS.

In case of a demand seasonably made by an officer having an execution, upon the officer by whom the attachment on the original writ was made upon which such execution issued, where the property attached is bulky and is deposited in a suitable and convenient place for safe keeping, and the officer upon whom the demand is made is ready and willing to deliver the property attached at the place of its deposit, so that it may be taken on execution, and offers so to do, and is prevented from delivering the same by the failure of the officer making the demand to go with him and receive it, he is discharged.

It is otherwise, if the property be at an inconvenient and unreasonable place of deposit.

A demand made by the officer having the execution, upon the officer by whom the attachment was made, on the last day of the continuance of the lien created by the attachment, will be presumed to have been in sufficient season on that day to enable the officer by whom the attachment was made, to discharge himself.

It is the practice of this Court, in their discretion, to submit special questions to a jury, to be by them answered.

THIS was an action against the defendant, who was sheriff of the county of Penobscot, for the default of Joseph Leavitt, one of his deputies, in not keeping property attached by him on a writ in favor of the present plaintiff against one William P. Parrott, so that the same might be sold on the execution subsequently obtained, which was within thirty days from the rendition of judgment, placed in the hands of deputies of Otis Small, the then sheriff. From the return of Joseph Leavitt on the writ, *Gordon* v. *Parrott*, it appeared that he had returned as attached, 200 M ft. pine mill logs as the property of said Parrott. Judgment was recovered on said action, and execution issued thereon Sept. 2d, 1837. From the return of A. Jones, deputy sheriff under said Small, it appeared that he, on the 12th of Sept. 1837, demanded of said Leavitt the property attached, but that said Leavitt neglected to deliver up the same. From the return of A. H. Hitchcock, deputy-sheriff of said Small, on the same execution, it appeared, that on the 2d of Oct. 1837, he demanded the logs attached on the original writ of Leavitt, who neglected to produce them, and therefore he returned the execution in no part satisfied.

There was evidence tending to show that the property attached as Parrott's belonged to an insolvent company of which he was a member, and for which he was acting as agent, and there was likewise evidence tending to show that the property was purchased on his own account.

The demand made by A. Jones, for the property attached, was proved to have been made at the door of the postoffice, two miles distant from the place where the lumber had been deposited ; and it was further proved that when said demand was made, Leavitt replied that he was ready to go with him and show him the property attached, that to this Jones made no reply, but went away, leaving Leavitt there.

Shepley J. who tried the cause, instructed the jury that the demand made by Jones, if the testimony on that subject was believed, was ineffectual ; but that the demand made by Hitchcock was sufficient.

He further instructed them, that if the property attached was the property of a company, which company was insolvent, that the interest which Parrott had in it might have been sold on the plaintiff's execution against him, unless it had been appropriated by the company in payment of the company debts, or unless some creditor of the company had claimed to have it so applied.

The jury returned a verdict for the plaintiff, and in answer to certain inquiries by the Court, they specially found that the logs attached belonged to Parrott, and not to the company ; that when the demand was made, they were not in the mill pond in which they had been originally attached, and so that the attaching officer, Leavitt, could have delivered them up.

*Rogers*, for the defendant. The demand by Leavitt was insufficient. The first instruction given, proceeds on the assumption that the officer might make repeated demands during the thirty days, and by each subsequent avoid the effect of his prior demand. This is denied. One demand having been made, it could not be waived without the consent of Leavitt. The demand made by Hitchcock was insufficient. That demand was made on the last day of the existence of the lien.

The hour of the day is not stated when it was made.   It may be considered as having been made on the last moment of the last hour of the day.   The officer who made the attachment is not to be considered as having the property about him.   He is entitled to a reasonable time in which to deliver it up.   But from the demand made he had not that reasonable time.   Nor can the special finding of the jury be invoked in aid of the instruction given.   Correct instructions are legally the right of a party; and incorrect instructions cannot be cured by the finding of the jury.

The company of which Parrott was a member being insolv-ent, his interest in the property was not subject to attachment. *Com. Bank* v. *Wilkins,* 9 Greenl. 34 ; *Pierce* v. *Jackson,* 6 Mass. R. 242 ; *Lyndon* v. *Gorham,* 1 Gal. 367 ; *Rogers* v. *Batchelor,* 12 Pet. 221 ; *Evernhim* v. *Ensworth,* 7 Wend. 326 ; *Dob* v. *Halsey,* 16 Johns. R. 34; *McCutchen* v. *Mar-shall,* 8 Pet. 221.

*Cutting,* for the plaintiff.   If the Court were correct in sub-mitting questions to the jury, the defendant has no case.   He stood by without objecting, and permitted it to be done.   Such, too, has been the usual practice.   *Merriam* v. *Mitchell,* 13 Maine R. 150.   The jury having found the logs were not in existence, a demand was unnecessary.   So, too, the property of the logs having been found to be in Parrott, the instructions given in relation to the law of co-partnership become imma-terial.

The opinion of the Court was by

TENNEY J. — This is an action against the defendant as sheriff of the county of Penobscot, for the default of J. Leavitt, his deputy, in not retaining certain pine mill logs, which were returned by said Leavitt as attached upon a writ in favor of the plaintiff against one Parrott.   At the time judg-ment was rendered in the original action and execution issued, the defendant had ceased to be sheriff, and Leavitt was not an officer.   Within thirty days of the rendition of the judg-ment, the execution was successively in the hands of one Jones

and one Hitchcock, both deputy sheriffs, who severally returned thereon, that they had made demand upon Leavitt, of the property attached and he failed to deliver it. Evidence was introduced, in order to explain the refusal of Leavitt upon the demand made by Jones, and it was insisted by the defendant's counsel, that Leavitt was discharged from all liability by reason of what took place between him and Jones.

The lien upon property attached upon a writ continues thirty days after judgment, unless he who is entitled to the benefit thereof sooner discharges it by himself, or some one duly authorized. The attaching officer has not the power to surrender it and thereby relieve himself from further liability without the act of the party, who caused the attachment; he is bound to retain it in safety till the expiration of the thirty days, if there be no demand before. But a delivery on a legal demand, will at any time previous, release him; and he may be discharged also under certain circumstances even without a delivery, on demand being made. If the article be bulky and difficulty attend a removal, it would be an unreasonable requirement, that he should be responsible for a failure to deliver it, on a demand at a place inconvenient and unusual for the deposit and safe keeping thereof, provided he had it at a convenient and suitable place, and professed on a demand to be ready to go to the place, where it was to be found and make the delivery; and if the demand should be met by a readiness in the other party, to do all in his power to put the property into the hands of the one claiming it, and it should appear, that a delivery could and would have been made, but for the neglect of the other, in not going and taking possession, the liability would cease. If Leavitt had proved, that he had the property attached, at some convenient and suitable place, and manifested that he was prepared to do all in his power to deliver it to Jones, and was only prevented by the failure of the latter to go with him and take it, he ought to be held discharged. But if the property did not exist at a place of convenience, it would have been an idle and a useless ceremony to have gone. Leavitt gave no information where it was to be found, and the

jury have by an answer to a question proposed, returned that it was not at the time of demand at the place in which it was when attached. It is settled, that a demand on a note payable at a time and place certain is unnecessary in order to entitle the holder to recover, but a readiness at the time and place may be shown in defence. There is no proof that the property could have been delivered by Leavitt at any place, when it was demanded by Jones, he therefore could not have been discharged by his offer at the time.

The Judge instructed the jury that the demand made by Hitchcock, according to his return upon the execution, was effectual to hold the sheriff; but it is contended on the part of the defendant, that that demand was not in season. Judgment was rendered on the second day of September; the attachment would expire only with the second of October following and would not be impaired by lapse of time till afterwards. A demand was made on that day, and the presumption is that the officer performed his duty, and made it in season, to allow Leavitt to discharge himself if able and disposed to do it. We think the Judge did not err in this instruction.

The propriety of submitting special questions to be answered by the jury has had the sanction of judicial practice for a long time in this State and in Massachusetts, and has been recently confirmed and established in this State. It is not perceived however in this case, in what manner the general verdict could be impeached, if this practice were not in conformity to legal principles; there is sufficient to support it independent of the answers to the special questions.

Neither are we induced to believe that the instructions in relation to the liability of partnership property to pay the debts of an individual of the firm, so far as he may have an interest therein are incorrect, provided no claim of a creditor of the company is interposed. We think the authorities cited to overthrow or to shake such a doctrine are inapplicable. The propriety of the practice has been examined in a late case, and it is there established, that such property may be holden, consistently with the instruction given by the Judge.

*Judgment on the verdict.*